IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL HALL, 06583-025, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-0110-MJR |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

# ORDER ON SECTION 2255 PETITION

**REAGAN, Chief Judge:**

A. <u>Introduction</u>

1. **Procedural Overview**

On, June 17 2004, Petitioner Darnell Hall pled guilty to a single count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (S.D. Ill., CM/ECF, Case No. 03-cr-30133-MJR, Docs. 1, 16). On January 28, 2005, Hall was sentenced to 70 months of incarceration, to run consecutive to a term of imprisonment he was already serving under the control of the State of Missouri (Dkt. entry 26, Doc. 30). Hall did not pursue a direct appeal, so his conviction became final in

February 2005.  Years passed with no legal action until Hall filed a habeas corpus petition before this Court on January 28, 2014 (Doc. 1)[1].

This Court conducted an initial threshold screening of the petition and directed the Government to respond (Dkt. entry no. 2).  The Government filed a timely response by March 6, 2014, arguing for denial of Hall's petition on procedural and substantive grounds (Doc. 4).  A number of intervening supplements, replies, and responses, protracted the lifespan of this § 2255 petition—events which will be explained in greater detail below.  At present, the case is before the Court for a decision as to whether the petition should proceed for an evidentiary hearing or other relief, or whether denial is appropriate.  For the reasons stated herein, the Court finds that it is appropriate to deny the petition.

   2. **Factual Overview**

Petitioner Hall pled guilty to a grand jury indictment, charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (S.D. Ill., CM/ECF, Case No. 03-30133, Docs. 1, 16).  On January 28, 2005, Hall was sentenced to 70 months of incarceration, to run consecutive to a Missouri state sentence (*Id.* at Dkt. entry 26, Doc. 30).  Hall did not appeal his conviction and this is his first post-conviction proceeding.

---

[1] Cites to documents unadorned by the 'S.D. Ill., CM/ECF, Case No.' cite are referring to documents in the above-captioned case—14-cv-0110-MJR.

In the present petition, Hall primarily argued that his trial counsel was ineffective for failing to challenge his prosecution for want of jurisdiction, that said error resulted in the district court never having proper jurisdiction over him, and that his trial counsel was ineffective for declining to file an appeal despite his wishes (Doc. 1). Hall's initial petition was filed on January 28, 2014, and was styled as a habeas corpus petition under 28 U.S.C. § 2255. (*Id.*).

The Government responded to his initial petition, arguing that it should be denied on at least two grounds (Doc. 4). First, the Government sought denial because the Petition was untimely, as it was filed more than eight years after the one-year statute of limitations ran for filing a § 2255 petition (*Id.* at 4-5). Second, on the merits, the Government argued that Hall's trial counsel was not ineffective, and that the trial court's jurisdiction was valid with or without a writ of habeas corpus *ad prosequendum* (*Id.* at 6-7). The Government attached an application for writ of habeas corpus *ad prosequendum*, a writ, and an order granting that writ, to its response, which purported to be the writ in the underlying criminal case (*See* Doc. 4-1). Thus, the Government argued that Hall's petition should be time-barred, or denied on the merits (*Id.* at 8-9).

In December of 2014 and August of 2015, Petitioner Hall twice moved to supplement his original § 2255 petition, arguing that his conviction and sentence was constitutionally infirm based on developments in Supreme Court precedent concerning armed career criminal sentences (Docs. 9, 10). Hall argued that his sentence could not

stand in light of the Supreme Court's holding that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague (Doc. 10). Moreover, Hall argued that the Supreme Court's vagueness decision extended to provisions of the Sentencing Guidelines, including §§ 2K2.1 and 4B1.1 (*Id.*). Thus, Hall argued that his sentence should be vacated and set aside (*Id.*).

The Court granted Hall's request to supplement his petition, which Hall did in September of 2015 (Doc. 15). In the allowed supplement, Hall reiterated the points he raised in his motion to supplement, arguing that his conviction and sentence could not stand in light of recent Supreme Court rulings (*Id.*).

The Court subsequently appointed counsel to Petitioner Hall pursuant to the District's Administrative Order 176, which provided counsel for issues related to *Johnson v. United States*, **135 S.Ct. 2551 (2015) (holding that the residual clause of the ACCA was unconstitutionally vague)** (Dkt. entry 17).

The Government responded to Hall's supplement, arguing that he was still time-barred from filing a § 2255 petition, or, alternatively, that he did not qualify for relief under recent Supreme Court precedent (Doc. 19). Specifically, the Government argued that Petitioner Hall's sentence was not pronounced under the ACCA, or portions of the Sentencing Guidelines that were found to be unconstitutional (*Id.*). Additionally, the Government argued that Hall procedurally defaulted his arguments, that he did not

claim actual innocence, and that he could not establish cause and actual prejudice, among other things (*Id.*).

In December of 2015, counsel appointed for Petitioner Hall filed a brief on his behalf, indicating that he did not qualify for any relief under recent Supreme Court precedent (Doc. 22). Of note, counsel averred that Hall had multiple prior convictions that could hypothetically qualify him for the sentence he received and that those particular convictions were not impacted by the Supreme Court's decisions because the convictions qualified as sentence enhancement predicates for reasons other than those found to be constitutionally infirm (*Id.*).

Satisfied with appointed counsel's representations, the Court discharged counsel in December of 2015, and provided Petitioner Hall with another opportunity to file a reply to the Government's latest response on his own behalf (Dkt. entry 23).

Petitioner Hall replied by refocusing his efforts primarily on his original ineffective assistance of counsel and jurisdictional arguments (Doc. 24). Additionally, he sought different appointed counsel because the appointed counsel who handled the *Johnson* issue was the same as his original trial counsel (*Id.*). The Court denied that request, deferring the appointment of any future counsel if and until a determination was made on the necessity of an evidentiary hearing (Dkt. entry 30).

Petitioner Hall filed two additional supplements to his original § 2255 petition in May and July of 2016 (Docs. 28, 29). The Court agreed to consider those supplements,

and allowed the Government a final opportunity to respond (Dkt. entry 30). In his supplements, Hall continues to contend that under emerging Supreme Court precedent, his prior convictions cannot support an enhanced sentence (Docs. 28, 29). In its final and most recent response, the Government relied back upon the time-bar argument, and its prior oppositions to Hall's supplements (Doc. 33).

The matter is now before the Court for a ruling on the petition and supplements.

B. Applicable Law

A one-year statute of limitations applies to any motion to vacate, set aside, or correct a sentence under § 2255. This one-year limitation runs from the latest of four-events:

(1) The date on which the judgment of conviction becomes final;
(2) The date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) The date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255(f).** The Seventh Circuit has held that a habeas petition may properly be barred if the petitioner fails to comply with the one-year limitation. ***See United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000).** Under very limited circumstances, the statute of limitations may hypothetically be subject to equitable tolling. ***Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004).** However, the Seventh Circuit has yet to

find any factual circumstance so extraordinary that it warrants equitable tolling in the habeas context.  *See id.* **at 484.**

In addition to the time bar, issues raised in a habeas petition may also be procedurally barred if the petitioner failed to raise them on direct appeal.  Claims under § 2255 are procedurally barred if they raise: (1) issues that were raised on direct appeal, without a showing of changed circumstances, *Norris v. United States*, **687 F.2d 899, 900 (7th Cir. 1982)**; (2) nonconstitutional issues which could have been raised on direct appeal but were not, *Barnickel v. United States*, **113 F.3d 704, 706 (7th Cir. 1997)**; or (3) constitutional issues which could have been raised on appeal but were not, unless the defendant can show either (a) "good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims," *McCleese v. United States*, **75 F.3d 1174, 1177 (7th Cir. 1996)**, or (b) that this Court's refusal to consider the claims would "lead to a fundamental miscarriage of justice," *id.*.

Ineffective assistance of counsel claims are not subject to the requirement of exhaustion on direct appeal because the Supreme Court has found that in most cases "a motion brought under § 2255 is preferable to a direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, **123 S.Ct. 1690, 1694 (2003).**  To establish ineffective assistance of counsel a petitioner must establish that: "(1) his counsel's performance fell below an objective standard of reasonableness; and, (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial."

*Fountain v. United States*, **211 F.3d 429, 434 (7th Cir. 2000),** *quoting* ***Strickland v. Washington*, 466 U.S. 668, 688-94 (1984).** Specifically in the context of a claim that counsel was ineffective during plea negotiations, a petitioner must show that "'counsel's representation fell below an objective standard of reasonableness' when measured against 'prevailing professional norms.'" ***Gaylord v. United States*, 829 F.3d 500, 506 (7th Cir. 2016)** *quoting* ***Strickland*, 466 U.S. at 688.** Competent counsel will "attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty." *Id.* The petitioner must also show that absent counsel's deficient performance, there is a reasonable likelihood that he would not have pleaded guilty, and would have instead gone to trial. *Id.*

A writ of habeas corpus *ad prosequendum* is a mere tool to secure the physical presence of a defendant, rather than an instrument that creates jurisdiction. ***See United States v. Mauro*, 436 U.S. 340, 361-62 (1978) (discussing the history of habeas corpus** *ad prosequendum* **and concluding it is akin to a 'written request for temporary custody')**. By contrast, subject matter jurisdiction refers to a court's power, whether constitutional or statutory, to adjudicate a case. ***United States v. Cotton*, 535 U.S. 625, 630 (2002).** Congress has given federal district courts original jurisdiction over "all offenses against the laws of the United States." **18 U.S.C. § 3231**. Thus, if an indictment or information alleges the violation of a crime set out in Title 18 or in another statute

defining federal crimes, that is the end of the jurisdictional inquiry.  *See Cotton*, 535 U.S. at 630-31 (noting that the fact "that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment" and that "a district court has jurisdiction of all crimes cognizable under the authority of the United States.")

To establish a right to relief on constitutional grounds in a § 2255 petition coming more than a year after the conviction became final, a petitioner must establish good cause for his failure to raise the issue at an earlier time, and prejudice, or that this Court's refusal to consider the issue now would cause a miscarriage of justice.  *See McCleese*, 75 F.3d at 1177.  The Seventh Circuit recently considered whether the Supreme Court's *Johnson* opinion created a new one-year window for § 2255 petitions in *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016).[2]  Before discussing the *Stanley* Court's holding, it is important to understand the nature of a *Johnson* claim.  A defendant can face an enhanced sentence if he or she is designated as a career offender under the ACCA, the Guidelines, or some other mechanism.  *See e.g.* 18 U.S.C. § 924(e); U.S.S.G. § 2K2.1 and § 4B1.1.  These various enhancement mechanisms provide a

---

[2] The Supreme Court held that *Johnson* gave rise to a new one-year period for § 2255 petitions, however, subsequent cases such as *Stanley* have limited the scope of that one-year extension to cases that truly present a *Johnson* claim, as opposed to those that masquerade as *Johnson*.  *See e.g. Welch v. United States*, 136 S.Ct. 1257, 1265 (2016) (finding that *Johnson* was a substantive rule that was retroactively applicable); *Holt v. United States,* 843 F.3d 720, 723-24 (7th Cir. 2016) (holding that a petitioner whose prior conviction fell within the enumerated felonies clause rather than the residual clause could not create a back door in to *Johnson* relief by trying to argue that his prior conviction should not have been considered under the enumerated clause, and thus was infirm under the residual clause).

framework for determining whether or not an offender's prior convictions should be used for enhancement purposes. Enhancement has always been an understandably contentious issue, because it can lead to a drastic increase in the severity of an offender's sentence.

In *Johnson*, the Supreme Court carefully examined the statutory language in the ACCA that purported to create a framework to categorize prior convictions for sentence enhancement purposes. **Johnson, 135 S.Ct. 2551.** The violent felony framework had three primary clauses (the elements/use-of-force clause, the enumerated felonies clause, and the residual clause). *See* **18 U.S.C. § 924(e).** The violent felony framework under the ACCA was defined as:

> any crime punishable by imprisonment for a term exceeding one year…that—
>
> (i) Has an element the use, attempted use, or threatened use of physical force against the person of another; or, (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

***Id.* at 2555-56, citing § 924(e)**. The italicized portion is known as the residual clause, and is the portion *Johnson* found unconstitutional. The portion following romanette (i) is known as the elements or use-of-force clause, and the first part following romanette (ii) is the enumerated felonies clause. The residual clause language found to be unconstitutionally vague in *Johnson* is mirrored or mimicked in other contexts. Pertinent to this case, the residual clause has a mirror image provision in the Sentencing

Guidelines. *See* **U.S.S.G. § 4B1.1(a), as defined by § 4B1.2.** Thus, the *Johnson* holding led courts to consider the validity of sentences given under the Guidelines.

The Seventh Circuit conducted such consideration, finding notably that the residual clause of the Guidelines was unconstitutionally vague. *See* **United States v. Hurlburt, 835 F.3d 715 (7th Cir. 2016).** The Seventh Circuit also limited the scope of *Johnson* based challenges to sentences under the ACCA or the Guidelines by finding that *Johnson* challenges could only be made to sentences clearly given under the residual clause as opposed to the elements or enumerated felonies clauses. *See Stanley*, **827 F.3d 562.**

The *Stanley* Court noted that both the Seventh Circuit and the United States Supreme Court had found *Johnson* to identify a new right that was retroactively applicable on appeal. *Id* **at 564-65.** Thus, by implication, a *Johnson* claim could be eligible for a renewed one-year limitations period under § 2255. *Id.* However, the *Stanley* Court limited the scope of *Johnson* challenges by holding that "*Johnson* does not have anything to do with the elements clause of either the Guidelines or the Armed Career Criminal Act, and § 2255(f)(3) therefore does not afford prisoners a new one-year period to seek collateral relief on a theory that the elements clause does not apply to a particular conviction." *Id.* Likewise, the Court held that *Johnson* had no impact on the enumerated offenses of burglary, arson, or extortion, [or] use of explosives or the serious drug offense portion of the ACCA or the guidelines. *Id.* Thus, the *Stanley* Court

affirmed a district court's finding that a petitioner who filed his *Johnson* based petition nearly ten years after his conviction became final, did not qualify for relief because his prior convictions were counted as predicates on grounds other than the residual clause. *Id.*

Most recently, the United States Supreme Court spoke again on *Johnson* and its progeny, holding that *Johnson's* vagueness rationale did not apply to the Sentencing Guidelines. **Beckles v. United States, 2017 WL 855781, No. 15-8544, slip op. (S.Ct. March 6, 2017).** This holding definitively overrules **Hurlburt, 835 F.3d 715**, but does not implicate the rationale behind **Stanley, 827 F.3d 562**. A much more thorough discussion of how prior convictions are classified under the residual clause, or otherwise, could be had, but for reasons set forth below, such an examination of Petitioner's sentence is not necessary at this juncture. For the reasons set forth below, the Court finds that Petitioner's claims lack merit under controlling precedent.

C. Analysis

Here, Petitioner's claims fail for multiple reasons. First, as to the ineffective assistance of counsel claim that he raised in his original petition, Petitioner Hall is time-barred from raising this issue. Ineffective assistance of counsel claims need not be exhausted on direct appeal, but they still must be raised within the one-year statutory period set forth by § 2255. Petitioner is not eligible for equitable tolling of this claim because he provides no explanation as to why he waited for more than eight years after

his conviction became final to raise this issue with the Court. Even if his claims regarding ineffective assistance of counsel were considered on the merits—it does not appear that counsel's performance was deficient. Petitioner's primary allegation is that this Court lacked jurisdiction over him because there was no habeas corpus *ad prosequendum*, but the Government did supply one in support of one of its responses, and even if the Government had not done so, such a document was not required to establish subject matter jurisdiction over conduct that took place in the jurisdiction of this Court. *See Cotton*, **535 U.S. at 630-31.** Thus, Petitioner's ineffective assistance claim does not warrant relief.

Second, as to Petitioner's attempts to bring a *Johnson* based claim against his sentence, this claim fails for two reasons. The claim could be treated as procedurally-barred because Petitioner made no mention of such a challenge on a direct appeal (because he did not even pursue a direct appeal). Additionally, even giving Petitioner the benefit of the doubt, by treating a *Johnson* claim as a new constitutional rule worthy of an extended one-year period to lodge a § 2255 petition, Petitioner's specific situation does not qualify for the one-year extension because his sentence was not enhanced based on the ACCA. Instead, his sentence was enhanced based on the Guidelines, which the Supreme Court recently held was not unconstitutionally vague. ***Beckles*, 2017 WL 855781, No. 15-8544, slip op. at 6.** Even without the Supreme Court's recent

holding, Petitioner's situation fit within the Seventh Circuit's decision in *Stanley*. *Stanley*, 827 F.3d 562.

The *Stanley*, rationale, that *Johnson* only impacted the residual clause, applies as follows. Hall was sentenced pursuant to § 2K2.1(a)(2) of the Guidelines, which requires that a defendant have at least two felony convictions for either a crime of violence or a controlled substance offense. **U.S.S.G. §2K2.1(a)(2).** As the Government and appointed counsel for the *Johnson* issue both pointed out, Petitioner Hall has a prior conviction for a 'controlled substance offense' as well as multiple prior convictions that arguably fall within the elements clause of the Guidelines (*See* Docs. 19, 21). The 'controlled substance' predicate remains untouched by *Johnson* because *Johnson* and its progeny dealt only with the 'residual' clause of the ACCA and Guidelines, and the controlled substance clause is an entirely separate provision. *See Stanley*, **827 F.3d at 564;** *Dawkins v. United States*, **809 F.3d 953, 954 (7th Cir. 2016) (noting that a habeas petitioner did not qualify for *Johnson* relief because prior convictions did not implicate the residual clause); § 4B1.2(b) (controlled substance clause of the career criminal enhancement in the Guidelines).** Because he has a controlled substance offense, only one of his other prior convictions needs to count as a 'crime of violence' under the elements or enumerated felonies clauses in order for his conviction to stand despite *Johnson*.

Hall's prior convictions included one for first degree assault and one for robbery under Missouri law. Prior to the Supreme Court's holding that the Guidelines were not unconstitutionally vague, Hall might have tried to challenge the classification of his priors as qualifying predicates under the elements or enumerated felonies clause. Such a challenge could have theoretically placed his priors only within the scope of the residual clause of the Guidelines, which for a brief time period was considered unconstitutionally vague in this circuit. *See Hurlburt*, **835 F.3d 715.** If Hall succeeded in arguing that his priors only qualified him for enhancement under the residual clause, then he hypothetically could have been positioned for resentencing. However, that line of argument is now moot in light of the Supreme Court's most recent ruling in *Beckles* finding that the residual clause of the Guidelines was not unconstitutional. ***Beckles*, 2017 WL 855781, No. 15-8544, slip op. at 6.**

The final argument that Hall presented in his latest supplements was a challenge to how his prior convictions were proven or categorized under any clause of the Guidelines. This argument goes, in essence, that neither at the time of sentencing, nor today, has the government put forth satisfactory evidence that Hall's prior convictions qualify him for a sentencing enhancement (*See* Docs. 28, 29). In support of this argument, Hall cites cases like ***Descamps v. United States*, 133 S.Ct. 2276 (2013)** and ***Taylor v. United States*, 110 S.Ct. 2143 (1990)**. The main problem with this particular argument is that, like Hall's ineffective assistance of counsel claim, this argument is

coming too late and is time-barred under § 2255. As for any portion of this argument that relies on newly minted precedent such as *Mathis v. United States,* **136 S.Ct. 2243 (2016)**, or *Molina-Martinez v. United States*, **136 S.Ct. 1338 (2016)**—these arguments also fail on the merits. *Molina-Martinez* talks about the amount of evidence that would need to be put forth to potentially justify a reexamination of sentencing, but Hall cannot qualify for a resentencing because of *Beckles*. **See *Molina-Martinez,* 136 S.Ct. 1338;** *Beckles,* **2017 WL 855781, No. 15-8544, slip op. at 6.** As to *Mathis*, the Seventh Circuit has held that it is not retroactive on appeal, *Dawkins***, 829 F.3d at 551**, so it does not give rise to a new one-year time period to file a § 2255 petition. Thus, none of Petitioner Hall's arguments are availing under current precedent.

Having reviewed the § 2255 petition and briefs, the Court concludes that an evidentiary hearing is neither necessary nor warranted. The issues can be resolved on the existing record, which conclusively demonstrates that Hall is not entitled to relief on his petition. *See* **Rule 8(a) of** R<small>ULES</small> G<small>OVERNING</small> S<small>ECTION</small> 2255 P<small>ROCEEDINGS</small>; *Almonacid v. United States,* **476 F.3d 518, 521 (7th Cir. 2007),** *cert. denied,* **551 U.S. 1132 (2007);** *Gallo-Vasquez v. United States***, 402 F.3d 793, 797 (7th Cir. 2005);** *Galbraith v. United States***, 313 F.3d 1001, 1010 (7th Cir. 2002).**

**D. Conclusion**

After reviewing of each of the claims set forth in Hall's petition, and for the reasons stated above, the Court **DENIES** Hall's § 2255 petition and supplements (Docs. 1, 5, 9, 10, 15, 22, 28, 29, 36). The Court **DISMISSES** with prejudice this cause of action. The Court **ORDERS** the Clerk of Court to enter judgment reflecting the same.

**(i)** <u>**Certificate of Appealability**</u>

Rule 11(a) of the Rules Governing Section 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" ***United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 281 (2004)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).**

Petitioner Hall has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find this assessment of

Petitioner's claims debatable or wrong.  Accordingly, this Court **DENIES** issuance of a certificate of appealability.

    **IT IS SO ORDERED.**

    **DATED:  March 10, 2017**

                                  *<u>s/ Michael J. Reagan</u>*

                                  **MICHAEL J. REAGAN**

                                  United States District Judge